# LEFFLER,
*Respondent,*

*v.*

# WILSON et al,
*Appellants.*

## (87-1433-L; CA A47163)

765 P2d 833

Thad Guyer, Medford, argued the cause for appellants. On the brief was Doug S. Gard, Medford.

Carlyle Stout, III, Medford, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendants appeal from a summary judgment requiring them to restore a space in a mobile home park to plaintiff in this forcible entry and detainer (FED) action. They contend that plaintiff failed to give the notice required by the FED statute and that there are material issues of fact. We reverse and remand.

■ ■  Defendants' first assignment of error asserts that plaintiff gave insufficient notice to them before instituting the FED action. The notice was sent more than 30 days but fewer than 33 days in advance of the proposed termination of the lease. An FED action may be maintained "where notice to terminate the tenancy * * * has been served * * * in the manner prescribed by ORS 91.857."[1] ORS 105.120(2). In turn, ORS 91.857 provides:

"(1)  Notices under this chapter may be served by personal delivery or by first class mail.

"(2)  Except as provided in subsection (3) of this section,[2] if a notice under ORS 91.820, 91.822 or 91.855 is served by mail, the minimum period for compliance or termination of tenancy, as appropriate, shall be extended by three days."

Plaintiff served defendants' termination notice by mail. The notice was not, however, "under ORS 91.820, 91.822 or 91.855," which do not pertain to mobile home spaces. Rather, it was under ORS 91.886,[3] which does.

Defendants argue that we should read ORS 91.886 into ORS 91.857(2), or by some other means hold that the termination period in this case was extended by three days, because the notice was served by mail. They offer several

---

[1] Proper notice is a prerequisite to maintaining an FED action. *See Federal Land Bank of Spokane v. Schelske,* 87 Or App 346, 348, 742 P2d 659 (1987).

[3] ORS 91.886 provides, in part:

"(1)  Except as provided in subsection (3) of this section, the landlord may terminate the rental agreement for space for a mobile home by giving to the tenant not less than 30 days' notice in writing before the date designated in the notice for termination if the tenant:

"(a)  Violates a law or ordinance which related to the tenant's conduct as a mobile home tenant; or

"(b)  Violates a rule imposed as a condition of occupancy."

rationales for that result. However, ORS 91.857 is clear. Subsection (1) allows notices under ORS chapter 91 to be served in person or by mail. Under subsection (2), the mailing of notices under three specific sections, *not including 91.886,* extends the termination period by three days.[4] Therefore, ORS 91.857(2) does not extend the time for termination notices sent under ORS 91.886, and the notice sent here was timely.

■     The FED action was based on defendants' alleged breach of their covenant not to permit others to "occupy" the mobile home space without the landlord's consent. In their third assignment of error,[5] defendants argue that there are material questions of fact precluding summary judgment: whether defendants' niece Vickie was an occupant of the premises and whether plaintiff waived his right to enforce that lease provision. We agree.

Neither the rental agreement nor any statute defines the term "occupant," although the words "occupant" and "occupy" appear in other sections of the agreement, where they refer to the tenants or residents. Defendants' affidavits in opposition to plaintiff's motion for summary judgment stated that Vickie was a temporary "guest" and not an "occupant" and that plaintiff knew that Vickie had no intention of remaining in defendants' mobile home "on a permanent basis." Plaintiff argues that Vickie was an "occupant" in the ordinary sense of the word. Because the agreement is ambiguous, the parties' dispute is one of material fact and not, as plaintiff suggests, one of law.

---

[4] Even if the statute were ambiguous, its history shows that the legislature intended that ORS 91.886 not be covered by ORS 91.857(2). As originally enacted, ORS 91.857(2) provided:

"(1) Notices under ORS 91.800, 91.805, 91.820, 91.822, 91.855, 91.880 and 91.886 may be served by personal delivery or by first class mail.

"(2) Except as provided in Subsection (3) of this section, if a notice under ORS 91.820, 91.822 or 91.855 is served by mail, the minimum period for compliance or termination of tenancy, as appropriate, shall be extended by three days." Or Laws 1985, ch 588, § 12.

In 1987, the list of sections in subsection (1) was replaced by the phrase "this chapter," which is even broader. Or Laws 1987, ch 611, § 4. Thus, the legislature expressly included ORS 91.886 in subsection (1) but excluded it from subsection (2). We refuse to write into subsection (2) what the legislature omitted.

[5] In the light of our disposition, we need not address plaintiff's second assignment of error.

Finally, defendant Florence Wilson stated in her affidavit:

"3.   After receiving the 30 day notice I talked with Marilyn Leffler, plaintiff's wife, and she said that if we needed extra time, to let them know.

"4.   I advised Mrs. Leffler that my niece was going to be leaving, and that we might need a little more time, as my niece would be awaiting a pay day to complete her moving.

"* * * * *

"6.   Before we received the 30 day notice, Mr. Leffler let us know that a notice was going to be coming but not to worry, that it didn't mean a thing."

Those assertions are sufficient to create a material question of fact as to whether plaintiff waived his right to enforce the occupancy rule. Summary judgment was not proper.

Reversed and remanded.